1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8   _____
                                            )
9   SHIQUAN FENNELL,                        )
                                            )        Civil Case No. C16-5933RSL
10                          Plaintiff,       )
                                            )        ORDER GRANTING IN PART
11                 v.                        )        DEFENDANTS' MOTION TO
                                            )        DISMISS
    PACIFIC MARITIME ASSOCIATION, *et al.*,  )
12                                           )
                            Defendants.      )
13  _____)

14
            This matter comes before the Court on "Defendant Pacific Maritime Association's
15
    Motion to Dismiss" (Dkt. # 44) and "Defendant ILWU Local 19's Joinder" therein (Dkt. # 45).
16
    Plaintiff, a longshoreman and former member of the United States Naval Reserves, alleges that
17
    his employer and union failed to credit the hours he spent in military service when calculating
18
    his seniority for promotion, pay, and benefits purposes in violation of the Uniform Services
19
    Employment & Reemployment Rights Act of 1994 ("USERRA") and their own policies. In
20
    addition to a claim under USERRA, plaintiff asserts that defendants violated the Washington
21
    Law Against Discrimination ("WLAD") because their refusal to credit his military hours was
22
    substantially motivated by anti-military animus. Defendants seek dismissal of the WLAD
23
    discrimination and retaliation claims on the ground that the allegations are insufficient to state a
24
    claim upon which relief can be granted.
25

26

    ORDER GRANTING IN PART DEFENDANTS'
    MOTION TO DISMISS - 1

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the Second Amended Complaint and the memoranda submitted by the parties, the Court finds as follows:

## A. DISPARATE TREATMENT

The WLAD makes it an unfair practice for any person acting in the interests of an employer to discriminate against an employee in the terms and conditions of employment because of military status. RCW 49.60.040(11); RCW 49.60.180(3). Defendants correctly point out that a violation of USERRA does not automatically establish anti-military animus and that the WLAD does not entitle members of a protected group to more favorable treatment than that

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS - 2

experienced by nonprotected employees.[1] From these points, defendants argue that plaintiff's WLAD claim fails because he has, in their view, alleged only a lack of preferential treatment.

Defendants' reading of the complaint is narrow and is inconsistent with the standard of review on a motion to dismiss. Plaintiff alleges that he should have been credited for hours he missed at work because he was serving in the military. Defendants read this allegation as a demand for special treatment, namely for credit for non-working hours that no other employees get. But the demand itself is part of a larger story. Taking the well-pleaded facts alleged as true and drawing reasonable inferences in plaintiff's favor, plaintiff has alleged that his employment is governed by certain terms and conditions (including a written policy/contract regarding how leaves of absence related to military service are to be credited), that defendants did not publicize the policy, that, once he learned of the policy, plaintiff repeatedly requested credit for his service hours, that defendants acknowledged the policy and occasionally pretended that they would comply with its terms, that the employer and the union resented and disapproved of requests for benefits under the policy, that they delayed almost nine years before providing benefits under the policy, and that other military service members had similar experiences. The overarching themes of the complaint are that this particular employment benefit was disregarded in practice and that any effort to utilize the benefit was subject to interminable delay. In this context, plaintiff's claim is not that defendants should have created a seniority credit system that benefits military members over civilian workers. Rather, plaintiff alleges that the employer and the union already had such a system in place and disregarded it, with the effect of depriving military workers of the established terms and conditions of their employment. Stated another way, civilian longshoremen were able to access all of the employee benefits to which they were entitled, while

---

[1] An inference of discriminatory intent arises when a member of a protected group is treated less favorably in the terms and conditions of his employment than a similarly situated nonprotected employee. Domingo v. Boeing Emps.' Credit Union, 124 Wn. App. 71, 81 (2004). If a member of a protected group is denied special privileges in the workplace, no inference of discrimination arises.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS - 3

military longshoremen were denied a benefit to which they were entitled. The complaint can reasonable be read to allege that plaintiff was denied his promised terms and conditions of employment as a result of his military status.r

Defendants argue that plaintiff has not adequately alleged that his requests for military-related benefits were ignored while requests for other types of employee benefits (unrelated to military service) were timely processed. Plaintiff has, however, alleged workplace animus toward the military credit policy, extraordinary delays in processing a claim for those credits, and even the need to hire counsel in order to get the benefits that were purportedly available under the existing policies. A reasonable inference arises that this tortuous path was unusual and was required only for this particular type of benefit. Plaintiff has alleged facts which give rise to a plausible claim of discrimination under the WLAD.

## B. RETALIATION

In addition to protecting employees from discrimination on account of their military status, the WLAD extends broad protections to anyone who opposes discrimination or files a charge, testifies, or assists in a proceeding involving a claim of discrimination. RCW 49.60.210(1). In order to raise an inference of retaliation, plaintiff must show that he complained of discrimination based on military status, that he suffered an adverse employment action, and that there is a causal link between the two. Currier v. Northland Servs., Inc., 182 Wn. App. 733, 742 (2014). While it is undoubtedly true that plaintiff complained that he was not receiving seniority credit for time spent in the military, there is no indication that he attributed the lack of payment to anti-military animus (or any form of discrimination) prior to the filing of this litigation.[2] The WLAD is aimed at the prevention of discrimination in the workplace, and a demand for employment benefits does not constitute opposition to employment practices

---

[2] Even if plaintiff subjectively believed that anti-military animus was motivating the employer, the employer must be aware of the statutorily protected complaint for a rebuttable presumption of retaliation to arise. Currier, 182 Wn. App. at 747

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS - 4

1   forbidden by the statute. <u>Alonso v. Qwest Comm'ns Co., LLC</u>, 178 Wn. App. 734, 754 (2013).

2   If the Court were to assume that plaintiff was opposing discrimination when he filed a claim for

3   USERRA benefits with the United States Department of Labor ("DOL"), his retaliation claim

4   would still fail. The DOL complaint was made long after the employer and union had

5   stonewalled plaintiff in his pursuit of service credit benefits: it could not have been the cause of

6   defendants' delay in processing those benefits. <u>Clark County Sch. Dist. v. Breeden</u>, 532 U.S.

7   268, 272 (2001) (that an employer proceeds "along lines previously contemplated, though not

8   yet definitively determined, is no evidence whatever of causality."). Plaintiff has failed to allege

9   facts giving rise to a plausible inference of retaliation.

10

11       For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part and

12   DENIED in part. Plaintiff's retaliation claim under the WLAD is hereby DISMISSED.

13   Plaintiff's other claims may proceed.

14

15       Dated this 28th day of April, 2017.

16                         *MM S Lasnik*

17                         Robert S. Lasnik
                          United States District Judge

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS - 5