# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SHIQUAN FENNELL,

        Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION, *et al.*,

        Defendants.

Civil Case No. C16-5933RSL

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery." Dkt. # 56. Plaintiff, a longshoreman and former member of the United States Naval Reserves, alleges that his employer and union failed to credit the hours he spent in military service when calculating his seniority for promotion, pay, and benefits purposes in violation of the Uniform Services Employment & Reemployment Rights Act of 1994 ("USERRA") and their own policies. Plaintiff served discovery on defendant Pacific Maritime Association seeking a description of the methodology used to calculate plaintiff's military credit hours (Interrogatory No. 10) and the production of all documents used to calculate the military credit hours owed and awarded to plaintiff (Requests for Production Nos. 7 and 8). Dkt. # 57 at 16. Plaintiff requested that all electronic documents be produced in their native file format. Dkt. # 57 at 8.

In response to Interrogatory No. 10, defendant referred to a lengthy narrative description

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 1

justifying its denial of liability in this case. Dkt. # 57 at 28. The narrative:

- identifies the policy and processes under which longshoremen receive uniformed service leave benefits;
- explains how the "peer" and "rotational" methods of calculating benefits worked and when/why they were used in this case;
- sets forth the procedural requirements for an award of benefits;
- summarizes the chronology of plaintiff's requests for benefits, the calculation of benefits (including the sequence of events that led to the 2009 reduction in the calculated credit hours from 168 to 112), and the amounts awarded for each year from 2007 through 2011;
- recounts defendant's conclusions regarding how plaintiff's registration date as a Class B longshoreman would have been impacted by earlier recognition of military credit hours;
- generally identifies the payroll records that reflect payment for the credit hours and corresponding adjustments in work experience levels, holiday pay, and vacation pay; and
- explains why plaintiff's registration date was not altered when the last of the military credit hours were awarded.

Dkt. # 59 at 45-54. In response to RFP Nos. 7 and 8, defendant agreed to produce non-privileged documents used to calculate plaintiff's military credit hours, documents showing how the calculation was done, meeting minutes at which plaintiff's request for benefits was addressed, and payroll/wage records documenting the award of credit hours. Dkt. # 57 at 28-29. Defendant objected to producing electronic documents in their native format, however, stating that they "will be produced on a searchable pdf, which is how they are available to counsel for PMA, and described in a spreadsheet for your convenience." Dkt. # 57 at 24.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 2

On May 1, 2017, plaintiff sent a letter identifying perceived deficiencies in defendant's discovery responses. Plaintiff was apparently unable to link the narrative provided in response to Interrogatory No. 1 with the documents produced. Plaintiff specifically requested the data and mathematical formula applied when calculating plaintiff's credit hours, including identification of the peers used as comparators. He also sought an explanation of how defendant arrived at the 112 hour determination when there was not enough information to use the rotational method for calculating military leave credits. Dkt. # 57 at 35-36. Plaintiff limited its request for documents in their native file formats to the minutes of the September 2016 meeting in which plaintiff was awarded 640 hours for military service from 2009 through 2011 along with any supporting documents mentioned in those minutes. Dkt. # 57 at 36. If defendant would not commit to remedying the perceived deficiencies, plaintiff requested a Rule 26 discovery conference.

The parties conferred via telephone on May 15, 2017. Defendant agreed to address the discovery issues raised by plaintiff in a letter. Plaintiff's counsel stated that she intended to file a motion to compel on May 18th if the letter did not fully address her concerns. Dkt. # 57 at 39. On May 17th, defendant identified 348 pages produced in discovery as relevant to the calculation or recalculation of plaintiff's military leave credit hours. Defendant specifically identified a number of pages that were particularly important and again explained that the reduction from 168 hours to 112 hours was not the result of a change in methodology, but rather a change in the number of days for which plaintiff was eligible for service credits. Defendant also identified another 266 pages that could be considered "supporting documents" related to the September 2016 meeting. With regards to plaintiff's request for documents in their native file format, defendant used a function in its Oracle-based document management system to call up a "Native File" version of the minutes related to the September 2016 meeting for production, but was unsure if it met plaintiff's needs. Defense counsel ended the letter with, "If you want to discuss this further, feel free to pick up the phone, but my thinking is that any additional

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 3

discussion of these topics can be had in your 30(b)(6) and personal depositions of Audi Lizama, who verified the discovery responses." Dkt. # 57 at 45.

The next day, May 18, 2017, plaintiff sent another letter indicating a preference for a narrative description of the data and methodologies used to calculate his USERRA benefits rather than having to review 348 pages of documents and acknowledging confusion regarding what certain documents show. Rather than take defense counsel up on his offer of another conversation or asking a witness, under oath, what the documents meant, plaintiff filed this motion later that day. Plaintiff remains confused regarding how the "peers" were selected for comparison purposes and how to interpret the spreadsheets provided. In addition, he would like certain explanations that defense counsel has provided (such as the role of the CPID number) memorialized under oath and insists on the production of certain native files because they may help explain the delay in awarding hours for service in 2009-2011. Dkt. # 60.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, a good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. That did not happen. Plaintiff asked for a sweeping narrative regarding a crucial issue in this case and all supporting documents. Defendant's response was substantial, but may not be comprehensible to those who are not steeped in defendant's data systems and records. The fact that plaintiff has questions regarding the interpretation of defendant's documents does not, however, mean that the production was insufficient or that further communications would be futile. As is clear from the memoranda, defendant was willing to

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 4

provide additional information regarding the link between its narrative and the documents produced, as well as how to interpret its spreadsheets. Instead, plaintiff filed this motion, essentially forcing the parties to engage in a written meet and confer before the Court. Many of the particular deficiencies identified by plaintiff in his motion have now been addressed, and the relief requested in reply is far narrower and more focused than that which was initially sought.[1] Because continued negotiation would likely have resulted in a fuller understanding of the documents produced and a narrowing of the points of actual dispute, the failure to comply with Rule 37(a) was not harmless.

For all of the foregoing reasons, plaintiff's motion to compel is DENIED.

Dated this 4th day of August, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] To the extent plaintiff seeks to convert the statements of counsel into admissions of a party opponent, the more appropriate course of action would be to confirm critical facts at a deposition or through a request for admission.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 5